IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*Brown v. Philips, et al.*, #21-1453 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

## MEMORANDUM OPINION

I. Introduction

Pending before the court is a motion (ECF No. 64) filed by Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips"), with brief in support (ECF No. 65). Philips asks the court to dismiss with prejudice Civil Action No. 21-1453 (and 11 other cases) for failure to fully comply with this court's "show cause" order (ECF No. 61) dated June 13, 2025. Pro se plaintiff Levelle Brown ("Brown") did not file a response to the motion and it is ripe for decision.

II. Procedural History

This case was originally filed in the United States District Court for the Middle District of Louisiana (ECF No. 1) and was transferred to the United States District Court for the Western District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. § 1407 (ECF No. 20). Brown filed a pro se complaint and two supplements (ECF Nos. 1, 7, 11). The court is satisfied that the federal courts may

exercise diversity jurisdiction because Brown is a citizen of Louisiana, none of the named defendants are Louisiana citizens and the amount in controversy exceeds $75,000. On January 6, 2023, Philips filed a motion to dismiss the complaint (ECF No. 49), which remains pending and will be denied as moot for the reasons set forth below.

On May 9, 2024, the Court entered a Docket Management Order ("DMO") (Misc. No. 21-1230, ECF 2769), which set deadlines for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in the settlement of personal injury claims). On February 28, 2025, Philips filed a Notice at Brown's case, to reiterate that the DMO deadlines applied to him (ECF No. 59). As set forth in DMO ¶¶ 20 and 21, if Litigating Plaintiffs like Brown fail to comply with the DMO, the complaint is subject to dismissal with prejudice.

Of particular relevance to this case, ¶ 17 of the DMO sets forth the requirements for an expert report:

> 17. All Litigating Plaintiffs shall serve upon counsel for Defendants, within the timeframe provided in Section V, expert report(s) in compliance with Federal Rule of Civil Procedure 26, including, but not limited to, on the following topics:
>    i. an opinion that the Litigating Plaintiff has a specified personal injury both generally and specifically caused by a Recalled Device, and how the Recalled Device both generally and specifically caused such Litigating Plaintiff's alleged personal injury;
>    ii. an opinion ruling out alternative causes for the Litigating Plaintiff's alleged personal injury;
>    iii. a detailed description of facts, medical and scientific literature, testing, and any other authorities relied upon by the expert to support such opinions;
>    iv. a description of all of the Litigating Plaintiff's alleged damages; and
>    v. a complete set of records relied upon in forming the expert's opinions, including any medical records and test results.

(ECF No. 2769 at 11). Paragraph 18 of the DMO cautioned: "Form or template reports are not permitted and will be stricken by the Court." *Id.*

On June 10, 2025, Philips filed a motion (ECF No. 60) for the court to enter a "show cause" order for Brown to explain why his case should not be dismissed with prejudice for failure to comply with the DMO deadlines. The court granted Philips' motion and entered the show cause order (ECF No. 61). That order provided, in relevant part:

> ORDER TO SHOW CAUSE. All Plaintiffs listed in Exhibit A to this Order shall, no later than July 7, 2025, either (1) cure the deficiencies noted in Exhibit A to this Order and provide proof of having done so to the Court, or (2) file a response demonstrating good cause for their failure to cure. Pursuant to paragraph 21 of the Docket Management Order, ECF No. 2769, failure to do so shall result in dismissal of the relevant Plaintiff's claims with prejudice.

*Id.*

Brown filed a response to the show cause order on July 8, 2025 (ECF No. 63). In the response, Brown apologized for missing the DMO deadlines and explained that he was sending: (a) Plaintiff Fact Sheet; (b) Medical Records; (c) Record of Recalled Device; (d) Declaration Under Penalty of Perjury; (e) proof of injury; and (f) "Expert reports by Docket Order." (ECF No. 63 at 2). Brown attached various documents to his response, totalling 56 pages. The court thoroughly reviewed those documents. Although there are numerous medical records and physician notes, Brown did not submit an "expert report" that complies with ¶ 17 of the DMO.

On September 12, 2025, Philips filed the pending motion to dismiss (ECF No. 65). In an attachment (ECF No. 65-2), Philips recognized that Brown provided some documents, but identified that Brown did not comply with numerous requirements of the DMO, including: (1) a compliant Plaintiff Fact Sheet; (2) record collection production; (3) records relating to use; (4) preservation notices; (5) Rule 26 disclosures; and (6) an expert report. Philips argued that Brown

3

failed to provide any explanation or justification for these failures to comply with the DMO and show cause order. The court ordered a response from Brown (ECF No. 66) and mailed a copy of that order to his address of record. Brown did not file a response.

III.    Discussion

Philips seeks dismissal of this case with prejudice. With respect to the DMO and show cause orders, Philips reports that Brown did not provide all the required information. Brown's response to the show cause order discussed his partial compliance with the DMO, but did not articulate any explanation or good cause for the multiple failures to fully comply with those orders. Brown's last response to the court was on July 8, 2025.

The deadlines in the DMO were designed to create an efficient process for all litigants – including Brown. The DMO provided that the court expected "complete and full compliance" with the DMO. *Id.* at 1. A reminder to Brown was docketed on February 28, 2025. Brown, therefore, was on notice of his duties, among other things, to provide Rule 26 disclosures and obtain an expert report. Brown's only explanations were his health problems and trouble sending the docket through the system (ECF No. 63 at 2). Brown provided no explanation at all for his failure to provide an expert report.[1] Much of the information required by the DMO concerns only Brown's claims and is not dependent on access to forms or discovery directed to other parties.

Brown did not explain why he was unable to fully comply with all the DMO deadlines or the "show cause" deadlines. Further time has expired and Brown did not articulate any steps he

---

[1] Perhaps Brown thought the physician's notes were an expert report or forgot to attach the expert report to his July 8, 2025 filing. In either case, Philips again pointed out the deficiency in its current motion and Brown provided no explanation for the continuing failure to provide an expert report.

4

took to attempt diligently to comply with the deadlines – particularly with respect to the expert report.

As set forth in DMO ¶ 20 and 21, Brown's complaint is subject to dismissal with prejudice. The court issued the "show cause" order contemplated by ¶ 21 of the DMO to Brown on June 13, 2025. Brown failed to cure the deficiencies or to demonstrate good cause for that failure.[2]

### IV.  Conclusion

For the reasons set forth above, Philips' motion to dismiss (ECF No. 64) will be granted and this case will be dismissed with prejudice for failure to comply with the DMO deadlines and failure to show good cause for the failure to cure the deficiencies. Philips' motion to dismiss the complaint (ECF No. 49) will be denied as moot.

An appropriate order will be entered.

Dated: October 16, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge

---

[2] This court's orders implicate Rule 37(b) and its authority to dismiss this case. *See* DMO, ECF No. 2769. To the extent evaluation of the "*Poulis* factors," *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is even necessary in light of Brown's failure to comply with the clear language of this court's orders, the court considered them and concurs with Philips' analysis of the *Poulis* factors, ECF No. 3510 at 10-11. The court finds the *Poulis* factors weigh heavily in favor of dismissal with prejudice of this case.